EXHIBIT A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Lidia Guallar</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>Eli Lilly and Company</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Christopher D. Brown        Fla. Bar # 45004
       Attorney or party            (Bar # if attorney)

Christopher D. Brown            03/24/2021
  (type or print name)            Date

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

LIDIA GUALLAR,                                    Case No.:
      Plaintiff,

v.

ELI LILLY AND COMPANY,
      Defendant.

_____ /

## COMPLAINT

    Plaintiff, LIDIA GUALLAR ("Ms. Guallar" or "Plaintiff"), through her attorneys, brings

this action for damages and other legal and equitable relief against Defendant, ELI LILLY AND

COMPANY, Inc. ("Defendant"). The Plaintiff's claims are based, in part, on the following facts

and law:

## JURISDICTION, VENUE, & PARTIES

    1.      This action arises under § 760.10, *et seq.*, Fla.Stat., The Florida Civil Rights Act

("FCRA").

    2.      The Plaintiff is, and has been, a Florida resident at all times relevant to this action.

    3.      The ELI LILLY is a for-profit corporation headquartered in Indiana.

    4.      It is one of the largest pharmaceutical companies in the world.

    5.      ELI LILLY employs at least two hundred people.

    6.      ELI LILLY is registered and licensed to do business in the State of Florida.

    7.      The unlawful practices described in this Complaint were committed in Miami-

Dade County, Florida.

    8.      The Plaintiff has exhausted all administrative remedies and satisfied all conditions

precedent to filing this lawsuit.

## FACTS COMMON TO ALL COUNTS

9.      The Plaintiff is a female of Cuban descent.

10.     The Defendant hired her in as in 2006 as an entry-level representative, the lowest title in sales in the company.

11.     Over the subsequent fourteen years, the Plaintiff was a model employee who received eight promotions.

12.     By 2017, she had risen to the position of District Sales Manager and oversaw a dozen of ELI LILLY's sales associates in the Southeast region of the United States.

13.     At the time, the Plaintiff was the only Hispanic female manager in her division's senior management structure at ELI LILLY.

14.     Among other duties, the Plaintiff was required to make sure that ELI LILLY's salespeople under her supervision perform their jobs proficiently and courteously.

15.     One of the people the Plaintiff supervised was a sales associate named Tere Cooley.  Ms. Cooley was a discourteous and ineffective employee; indeed, she was at or near the bottom of ELI LILLY's nearly 150 salespeople in sales.

16.     Ms. Cooley is African-American.

17.     In approximately June of 2019, the Plaintiff attempted to reprimand Ms. Cooley for her discourteous behavior and general ineffectiveness.

18.     But the Plaintiff's supervisor, John Covintgon—who is also African-American— intervened.  He conceded to the Plaintiff that Ms. Cooley's poor job performance warranted action, but he said that since Ms. Cooley was a diverse, minority female, she should be given special treatment and instructed the Plaintiff that she could neither fire nor reprimand Ms.

2

Cooley.

19.     Ms. Cooley's poor performance continued and, apparently emboldened by the fact that she was being protected by the Plaintiff's superior, Ms. Cooley became so disrespectful and aggressive with the Plaintiff in November of 2019 that the Plaintiff reported her to ELI LILLY's human resources department.

20.     Ms. Cooley retaliated by making false claims against the Plaintiff prompting an ongoing series of investigations by ELI LILLY's human resources department.

21.     Based on these events, among others, the Plaintiff believed in good faith that ELI LILLY's senior management, John Covington in particular, were thwarting her ability to do her job effectively because she is Hispanic.

22.     Therefore, about the Plaintiff made an internal discrimination complaint to ELI LILLY's human resources department.  Unfortunately, the same person who was investigating Ms. Cooley's specious claims against the Plaintiff was also assigned to investigate the Plaintiff, a clear conflict of interest that resulted in nothing being done about the Plaintiff's complaint.

23.     Frustrated by ELI LILLY's lack of action, the Plaintiff filed an EEOC charge on February 28, 2020 and sent a copy of it to the human resources director at ELI LILLY who was overseeing investigation of discrimination complaint.

24.     Mere hours later, that same HR person informed the Plaintiff that she had been terminated.

## COUNT I
## NATIONAL ORIGIN DISCRIMINATION
### (§ 760.10, *et seq.*, Florida Statutes)

25.     The Plaintiff incorporates Paragraphs 1-24 of her Complaint into this Count by reference.

26.    The Act provides that it is unlawful for an employer "to discriminate against… any individual… because of… national origin…".

27.    During all relevant times herein, the Plaintiff was an employee and the Defendant was an employer for the purpose of the definitions set forth in the FCRA.

28.    She is a member of a protected class (Hispanic/Cuban-American).

29.    By its conduct, the Defendant discriminated against the Plaintiff based on her national origin in violation of the FCRA.

30.    The Defendant has caused the Plaintiff damages.

WHEREFORE, the Plaintiff seeks recovery of front pay, back pay, lost earning capacity, medical benefits, emotional distress, attorney's fees and costs, equitable relief and any other relief allowed by the Court.

### COUNT II
### RETALIATION
### (§ 760.10, *et seq.*, Florida Statutes)

31.    The Plaintiff incorporates Paragraphs 1-24 of her Complaint into this Count by reference.

32.    On 28 February 2020 the Plaintiff's filed an EEOC complaint against ELI LILLY alleging workplace discrimination based on national origin.  This constituted protected activity within the FCRA's definition.

33.    Later that same day, with no explanation, ELI LILLY summarily fired the Plaintiff effective immediately.

34.    These actions by the Defendant caused the Plaintiff damages.

WHEREFORE, the Plaintiff seeks recovery of front pay, back pay, lost earning capacity, medical benefits, emotional distress, attorney's fees and costs, equitable relief and any other

relief allowed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LIDIA GUALLAR, prays for judgment against Defendant, ELI

LILLY AND COMPANY, and for the following relief:

> A.   Compensatory damages including loss of past and future income, mental anguish, emotional distress, and other related damages;
>
> B.   All damages permitted for violations of § 760.10, *et seq.*, Florida Statutes;
>
> C.   Prejudgment interest;
>
> D.   Costs, disbursements, and attorney's fees pursuant to of § 760.10, *et seq.*, Florida Statutes; and
>
> E.   Any other relief the Court deems just and equitable.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial in this matter.

## CERTIFICATE OF SERVICE

Respectfully filed this 24th day of March, 2021.

> BEASLEY, DEMOS & BROWN, LLC
> 201 Alhambra Circle, Suite 601
> Coral Gables, Florida 33134
> Tel: (305) 669-3131 / Fax: (786) 615-8945
> By: */s/ Christopher D. Brown*
> CHRISTOPHER D. BROWN
> Fla. Bar No. 0045004
> cbrown@beasleydemos.com

5

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

LIDIA GUALLAR,                                        Case No.:
     Plaintiff,

v.

ELI LILLY AND COMPANY,
     Defendant.
_____ /

## PLAINTIFF'S NOTICE OF SERVING
## FIRST SET OF INTERROGAORIES TO DEFENDANT

Plaintiff, LIDIA GUALLAR ("GUALLAR" or "Plaintiff"), through her attorneys, files this Notice of Serving her First Set of Interrogatories to Defendant, ELI LILLY AND COMPANY, pursuant to Florida Rule of Civil Procedure 1.340.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was served on ELI LILLY AND COMPANY along with a copy of the Complaint via process server on the date indicated on return of service.

By:    */s/ Christopher D. Brown*
     Christopher D. Brown
     Fla. Bar No. 0045004
     *Counsel for the Plaintiff*
     BEASLEY, DEMOS & BROWN, LLC
     201 Alhambra Circle, Suite 601
     Coral Gables, Florida 33134
     Tel: 305-669-3131 / Fax: 786-615-8945
     cbrown@beasleydemos.com
     jmiller@beasleydemos.com

1

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

LIDIA GUALLAR,                                            Case No.:
     Plaintiff,

v.

ELI LILLY AND COMPANY,
     Defendant.
_____ /

## **PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT**

Plaintiff, LIDIA GUALLAR ("GUALLAR" or "Plaintiff"), through her attorneys, serves this First Request for Production to Defendant, ELI LILLY AND COMPANY, ("LILLY" or "Defendant"), pursuant to Florida Rule of Civil Procedure 1.350, and demands that the Defendant produce copies of the following documents in its care, custody, or control, at the offices of Beasley, Demos & Brown, 201 Alhambra Circle, Suite 501, Coral Gables, FL 33134.

### **Definitions**

    (a)    The words "**you**," "**yours**" and/or "**yourself**" means the Defendant in this Action, ELI LILLY AND COMPANY and any of its employees; agents; representatives or other persons acting, or purporting to act, on their behalf.

    (b)    The singular shall include the plural and vice versa; the terms "**and**" or "**or**" shall be both conjunctive and disjunctive; and the term "**including**" mean "including without limitation".

    (c)    "**Date**" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

1

(d)  The word "**document**" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

(e)  "**Agent**" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f)  The term **"Action"** shall mean the above-captioned case.

(g)  "**Person**" shall mean any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

(h)  The words "**pertain to**" or "**pertaining to**" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(i)  The term "**third party**" or "**third parties**" refers to individuals or entities that are not a party to this Action.

(j)  The word "**identify**", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

(k)  The term "**Plaintiff**" means Plaintiff to this Action, LIDIA GUALLAR.

(l) The term "**communication**" means any oral or written statement, dialog, colloquy, discussion, conversation or any transfer of thoughts or ideas

between persons by means of documents, including any transfer of data from one location to another by electronic or other means.

(m) The term "**EEOC**" shall refer to the U.S. Equal Employment Opportunity Commission.

## Instructions

(a)     If you object to producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

1.     the nature of the privilege claimed (including work product);

2.     if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3.     the date of the document, electronically stored information or oral communication;

4.     if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

5.     if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

6.     the general subject matter of the document, electronically stored information or oral communication.

(b)     In answering this discovery, please furnish all information, however obtained, including hearsay, that is available to you and information known by or in possession of you, your employees, agents, attorneys, accountants, investigators or any other person acting, or purporting to act, for you, or appearing in your records.

3

(c)     It is your duty in answering this discovery to conduct a reasonable investigation so that the answers disclose all information available to you.

(d)     If you cannot answer the following discovery in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

(e)     Discovery that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

(f)     In producing documents requested herein, you shall produce documents in full without abridgement, abbreviation, or expurgation of any sort.

(g)     The documents that are the subject of this request are to be produced either in the exact order in which they are kept in the ordinary course of business or classified in accordance with the particular category of document identified by this request.

(h)     If any document requested was previously in your possession, custody, or control but is no longer, state the following for each document in your response to this Request for Production:

1.      the type of document (i.e., correspondence, memorandum, telex, etc.);
2.      the date of the document;
3.      any person(s) who signed the document;
4.      any person(s) who received the document or a copy thereof;
5.      identify any person who presently is in possession of the document(s);
6.      specify the substance of the document; and
7.      identify the disposition of the document, including the date thereof.


(i)     Unless otherwise stated, all electronically stored information called for by these requests should be provided in hard copy form.

(j)     The timeframe for each of these requests is from January 1, 2015 to the present, unless otherwise specified.

**REQUESTS**

1.      All written communications between you and the Plaintiff from 2018 to the present.

2.      The Plaintiff's entire personnel file.

3.      The entire personnel file for all persons who have held the position of District Sales Manager for the Defendant.

4.      All written job descriptions for the position of District Sales Manager.

5.      All documents pertaining to the Plaintiff regarding the subject matter of this Action.

6.      All documents, including but not limited to, investigations, reports, statements, and notes pertaining to any complaint the Plaintiff has ever made to any entity or person, whether internal or external, relating to any aspect of her employment.

7.      Organizational charts for Defendant from 2017 to the present.

8.      All files and documents (including, but not limited to, memoranda, findings, conclusions, etc.) pertaining to any internal complaints the Plaintiff ever made while employed by the Defendant, including but not limited to, any complaints of discrimination she has ever made.

9.      The entire personnel file for Tere Cooley.

10.      The entire personnel file for John Covington.

11.      All documents pertaining to any internal or external complaints made about Tere Cooley.

12.      All documents pertaining to any internal or external complaints made by Tere Cooley.

13.      All documents pertaining to any internal or external complaints made about the Plaintiff.

14.      All documents pertaining to any internal or external complaints made by the Plaintiff.

15.      All complaints, writings or notes authored by you contemporaneously with any communication between you and any third party (not including your counsel) pertaining to the Plaintiff.

16.      All of your written policies against discrimination based on national origin or retaliation from 2015 to the present.

17. All policies, procedures, guidelines, pamphlets, statements or other similar documents pertaining to your efforts to comply with 760.10, Florida Statutes and Title VII rules, regulations, or guidelines pertaining to race discrimination and retaliation.

18. All charges filed with any administrative agency and complaints filed in any court of law in the last five (5) years alleging that you terminated, retaliated against, or discriminated against any employee based on race or national origin.

19. All brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you have distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities in the last five years regarding your policies and procedures concerning discrimination based on employee's race, or the treatment of employees of varying races.

20. All cassette recordings, videotapes, or other electronic recordings, and any transcripts of same, of any meeting, conversation or event in which the Plaintiff was a participant or a topic of discussion.

21. Any and all documents you sent to or received from any governmental entity including, but not limited to, to the Florida Commission on Human Rights or the EEOC regarding Plaintiff's employment with you, her termination, or in response to any charge or complaint the Plaintiff filed with the EEOC .

22. Any written warnings, reprimands, records of discipline, or negative job performance evaluations of the Plaintiff.

23. Any documents the Plaintiff has ever submitted to you relating to an EEOC charge.

24. Any and all documents that purport to memorialize any conversations with the Plaintiff or any statement by Plaintiff.

25. Every document, manual or directive in use at any time from 2015 through the present concerning Defendant's hiring policies, pay policies, salary policies, salary or pay guidelines, workday requirements, and work week requirements.

26. The complete personnel file for any person hired to fill the Plaintiff's position since her termination.

27. Every document referred to or used to answer or respond to the Plaintiff's interrogatories directed to Defendant.

28. Copies of all 401(k), health insurance, life insurance, flex pay, pension, and other benefit packages to which the Plaintiff was entitled at the time of her termination.

29. Copies of any documents reflecting the paid leave, sick leave, personal days, and bonuses pertaining the position the Plaintiff held at the time of her termination.

30. Copies of all policies of insurance that may provide coverage or a defense to the Defendant in this action.

31.     Any notes, memoranda, emails, correspondence, or other documents created pertaining to the Plaintiff's interviews for any position with the Defendant.

Respectfully submitted,

*Counsel for the Plaintiff*
BEASLEY, DEMOS & BROWN, LLC
201 Alhambra Circle, Suite 601
Coral Gables, Florida 33134
Tel: 305-669-3131
Fax: 786-615-8945
cbrown@beasleydemos.com
jmiller@beasleydemos.com

By:     */s/ Christopher D. Brown*
Christopher D. Brown
Fla. Bar No. 0045004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was served on ELI LILLY AND COMPANY along with a copy of the Complaint via process server on the date indicated on return of service.

By:     */s/ Christopher D. Brown*
Christopher D. Brown
Fla. Bar No. 004500

7

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

LIDIA GUALLAR,                                    Case No.:
     Plaintiff,

v.

ELI LILLY AND COMPANY,
     Defendant.
_____ /

## NOTICE OF TAKING DEPOSITION

**TO:**    Person Designated on Topics in this Notice by Defendant, ELI LILLY AND COMPANY.

    PLEASE TAKE NOTICE that pursuant to Fla.R.Civ.P. 1.310(b)(6), the undersigned attorney will take the deposition of the following corporate employee(s), agent(s) and individual(s) designated by ELI LILLY AND COMPANY the representative of that entity to give binding answers on topics designated below on the following date and time:

**LOCATION**                                    **DATE AND TIME**

Via Zoom                                        July 7, 2021
(link to be provided) or at                     10:00 a.m
Beasley, Demos &Brown, LLC
201 Alhambra Circle, Suite 501
Coral Gables, Florida 33134

    Said deposition will be taken before ***Florida Legal Support*** or any other officer authorized to administer oaths by the laws of the State of Florida, and a person who is neither a relative nor employee of such attorney or counsel, and who is not financially interested in the action. Said deposition to be taken pursuant to the Rules of Civil Procedure in such cases provided. The said oral examination may be taken by stenographic, videotape and/or audio recording and will continue from hour to hour and from day to day until completed.

1

**Definitions**

For purposes of these topics, the following definitions apply:

      (a) The term "Defendant" shall mean the Defendant, ELI LILLY AND COMPANY.

      (b) The term "EEOC" shall refer to the Equal Employment Opportunity Commission.

      (c) The term "Plaintiff" shall refer to the Plaintiff, LIDIA GUALLAR.

      (d) The term "Complaint" shall refer to the Complaint filed in this lawsuit.


**Designated Topics of Inquiry**

1) All persons involved in the decision to terminate the Plaintiff's employment and their respective roles in that decision.

2) All reasons for termination of the Plaintiff's employment.

3) All negative job issues (including, but not limited to, evaluations, complaints, reprimands, and disciplinary actions) against Tere Cooley.

4) Authentication of all documents produced by the Defendant in response to discovery requests in this lawsuit.

5) All complaints of any nature against Tere Cooley by 2010 to the present.

6) The Plaintiff's performance evaluations.

7) A complete explanation of the Plaintiff's salary and benefits from 2015 to the present.

8) The Defendant's anti-discrimination and anti-retaliation policies from 2015 to the present.

9) The Defendant's corporate organizational structure from 2015 to the present.

10) The organization of the department where the Plaintiff worked from 2015 to the present.

11) The race, gender, national origin, and job qualifications of any people who assumed the Plaintiff's job functions at any time after her termination.

12) The race, gender, national origin, and job qualifications of any people who held positions or job titles the same or similar to that of the Plaintiff from 2018 to the present.

13) The Plaintiff's discrimination allegations as set forth in the Complaint.

14) Any EEOC charges brought by the Plaintiff against the Defendant.

2

15)     The Defendant's affirmative defenses in this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was served on ELI LILLY AND COMPANY along with a copy of the Complaint via process server on the date indicated on return of service.

BEASLEY, DEMOS & BROWN, LLC
201 Alhambra Circle, Suite 601
Coral Gables, Florida 33134
Tel: (305) 669-3131 / Fax: (786) 615-8945
By:   */s/ Christopher D. Brown*
CHRISTOPHER D. BROWN
Fla. Bar No. 0045004
cbrown@beasleydemos.com

| IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT<br>IN AND FOR MIAMI-DADE COUNTY, FLORIDA | | |
| --- | --- | --- |
| **DIVISION**<br>X CIVIL<br>☐ OTHER | **SUMMONS** | **CASE NO.**<br><br>2021-007234 CA 01 |
| **PLAINTIFF(S)**<br><br>LIDIA GUALLAR | **vs. DEFENDANT(S)**<br><br>ELI LILLY AND COMPANY | **CLOCK IN** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

   YOU ARE COMMANDED to serve this summons and a copy of the Summons and Complaint, Notice of Service of Interrogatories, Interrogatories and Request for Production on Defendant, **ELI LILLY AND COMPANY, by** serving:

**ELI LILLY AND COMPANY**
**By Serving Registered Agent: NRAI Services, Inc.**
**1200 South Pine Island Road**
**Plantation, Florida 33324**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's Attorney:

Christopher D. Brown, Esq.
Beasley, Demos & Brown, LLC
201 Alhambra Circle, Suite 501
Coral Gables, Florida 33134
305-669-3131

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **CLERK OF COURTS** | BY: _____<br>       DEPUTY CLERK | DATE |
| --- | --- | --- |

COURT SEAL

1

**IMPORTANT**

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer votre reponse ecrite a la plainte ci-jointe aupres de ce tribunal.   Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

2

Filing # 123828418 E-Filed 03/26/2021 11:12:49 AM

| IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT<br>IN AND FOR MIAMI-DADE COUNTY, FLORIDA | | |
|---|---|---|
| **DIVISION**<br>X CIVIL<br>☐ OTHER | **SUMMONS** | **CASE NO.**<br><br>2021-007234 CA 01 |
| **PLAINTIFF(S)**<br><br>LIDIA GUALLAR | **vs. DEFENDANT(S)**<br><br>ELI LILLY AND COMPANY | **CLOCK IN** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

   YOU ARE COMMANDED to serve this summons and a copy of the Summons and Complaint, Notice of Service of Interrogatories, Interrogatories and Request for Production on Defendant, **ELI LILLY AND COMPANY, by** serving:

**ELI LILLY AND COMPANY**
**By Serving Registered Agent: NRAI Services, Inc.**
**1200 South Pine Island Road**
**Plantation, Florida 33324**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's Attorney:

Christopher D. Brown, Esq.
Beasley, Demos & Brown, LLC
201 Alhambra Circle, Suite 501
Coral Gables, Florida 33134
305-669-3131

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **CLERK OF COURTS** | BY: _____<br>DEPUTY CLERK | DATE<br><br>3/26/2021 |
|---|---|---|

COURT SEAL

1

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer votre reponse ecrite a la plainte ci-jointe aupres de ce tribunal.   Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la causa ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

2